IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MAURICE MORRIS,                       )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )       No. 15-cv-2643-JTF-tmp
                                      )
NATIONSTAR MORTGAGE, LLC,             )
MORTGAGE ELECTRONIC                   )
REGISTRATION SYSTEM, HSBC             )
BANK, and WEISS SPICER CASH,          )
PLLC,                                 )
                                      )
     Defendants.                      )
_____

REPORT AND RECOMMENDATION
_____

Before the court is the Motion to Dismiss filed by
defendants Nationstar Mortgage, LLC ("Nationstar"), Mortgage
Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank
USA, N.A. ("HSBC"), as Trustee for the Ellington Loan
Acquisition Trust 2007-1 (collectively "Defendants"), on October
19, 2015. (ECF No. 5.) *Pro se* plaintiff Maurice Morris filed a
response in opposition on November 5, 2015. (ECF No. 8.)
Defendants filed a reply in support of their motion on November
16, 2015. (ECF No. 12.)

For the following reasons, the court recommends that
Defendants' motion to dismiss be granted.

I.   PROPOSED FINDINGS OF FACT

This action arises from foreclosure proceedings related to a parcel of real property located in Memphis, Tennessee. The foreclosure proceedings were initiated due to the alleged default on a promissory note secured by a deed of trust which named Morris as the borrower and listed his property as security. The deed of trust stated that MERS was the beneficiary of the instrument. However, on September 13, 2011, MERS assigned its interest in the instrument to HSBC. Additionally, on July 1, 2013, Bank of America, N.A., the original holder of the deed of trust, assigned its interest in the deed of trust to Nationstar.

On August 19, 2015, Weiss Spicer Cash, PLLC ("Weiss"), the appointed substitute trustee, sent Morris a letter stating that his property was scheduled for foreclosure sale on September 15, 2015, in connection with the deed of trust. Subsequently, Morris filed a lawsuit against Defendants and Weiss in the Chancery Court for Shelby County, Tennessee, (No. CH-15-1230) on September 15, 2015, alleging wrongful foreclosure because "none of the Defendants have, and never had any legal or equitable rights in the [promissory note] or [deed of trust] for purposes of foreclosure," and because "Defendants had no legal standing to institute or maintain foreclosure on the property." In his complaint, Morris requests declaratory judgment, injunctive relief, and damages. On September 28, 2015, Defendants removed

the case to federal court, and on October 19, 2015, Defendants filed the present motion to dismiss for failure to state a claim upon which relief may be granted. In his response in opposition, Morris again asserts that Defendants lack standing to foreclose on his property because they are not parties to the original security instrument. In their reply in support of their motion, Defendants argue that Morris cannot collaterally attack the assignment of the security instrument because he was not a party to the assignment. They also assert that Nationstar has the authority to foreclose on the property, as demonstrated by the public records indicating Nationstar's interest in the deed of trust.

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a

court to reasonably infer that the defendant is liable for the alleged misconduct. Id. (citing Twombly, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Assessment of the facial sufficiency of a complaint must ordinarily be undertaken without resort to matters outside the pleadings. See Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). If a court considers materials outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all materials pertinent to the motion. Id. "However, a court may consider exhibits attached [to the complaint], public records, items appearing in the record

of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011) (alteration in original) (internal quotation marks omitted). Here, the only documents referred to in Defendants' motion are the promissory note and deed of trust at issue in this case, as well as the various assignments of the deed of trust. The original note and deed of trust are attached to Morris's complaint. Additionally, Morris references the assignments of the deed of trust in his complaint, which are public records and are central to his cause of action. Therefore, the court will analyze the instant motion under Rule 12(b)(6).

## B.   Wrongful Foreclosure Claim

Although not entirely clear, it seems that the only cause of action Morris pleads in his complaint is a wrongful foreclosure claim.[1]  As grounds for this claim, Morris alleges that Defendants do not have any legal interest in the security instruments at issue, and thus, cannot legally institute

---

[1]Morris's complaint also states: "There is no evidence of compliance with the relevant provisions of Chapter 26 of the Code of Federal Regulations (hereafter CFR) including but not limited to 26 CFRBsec.860 et sq. as to any transfer of the note and [deed of trust]."  However, the regulation Morris cites does not exist.

foreclosure proceedings. "While there are no specific elements for wrongful foreclosure, Tennessee courts generally examine whether contractual or statutory requirements were met in the foreclosure of the property in question." Ringold v. Bank of Am. Home Loans, No. 2:12-CV-02344-JPM-dkv, 2013 WL 1450929, at *6 (W.D. Tenn. Apr. 9, 2013); see also Jackson v. WMC Mortg. Corp., No. 2:12-CV-02914-JPM-cgc, 2013 WL 5550228, at *8 (W.D. Tenn. Oct. 8, 2013). Morris's complaint appears to allege that the assignments of the promissory note and deed of trust at issue were improper or illegal. However, "a litigant who is not a party to an assignment lacks standing to challenge that assignment." Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. App'x 97, 102 (6th Cir. 2010); see also Dey El ex rel. Ellis v. First Tenn. Bank, No. 13-2449-JDT-dkv, 2013 WL 6092849, at *11 (W.D. Tenn. Nov. 18, 2013); Brown v. Fed. Nat'l Mortg. Ass'n, No. 2:13-CV-02107-JTF-cgc, 2013 WL 4500569, at *3 (W.D. Tenn. Aug. 19, 2013). Because Morris was not a party to the assignments of the note or deed of trust, he does not have standing to challenge those assignments. Moreover, because Morris has not alleged any statutory or contractual deficiencies in the foreclosure proceedings at issue, as required for a wrongful foreclosure cause of action, Morris has failed to state a claim upon which relief can be

granted. Therefore, the court recommends that Defendants'
motion be granted pursuant to Rule 12(b)(6).

## C.   Claims Against Weiss Spicer Cash, PLLC

Having found that the complaint fails to state a claim
against Defendants, only Morris's claims against Weiss remain.
Weiss is represented by different counsel, who recently filed
their notice of appearance on behalf of Weiss.   (ECF No. 33.)
As a result, the issue of whether the complaint adequately
states a claim against Weiss is not presently before the court.

### III.   RECOMMENDATION

For the above reasons, the court recommends that
Defendants' motion to dismiss be granted.[2]

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 18, 2016
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS
REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE
SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND
RECOMMENDATIONS.   ANY PARTY MAY RESPOND TO ANOTHER PARTY'S
OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A
COPY.   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

---

[2]Because the complaint fails to state a claim for wrongful
foreclosure, the court need not address Defendants' other
arguments in their motion to dismiss that pertain to the various
remedies sought by Morris.

**72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**