IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MAURICE MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 15-cv-2643-JTF-tmp |
| | ) |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEM, | ) |
| HSBC BANK , and WEISS SPICER | ) |
| CASH, PLLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION GRANTING DEFENDANT WEISS SPICER AND
CASH'S MOTION TO DISMISS
AND
ORDER DISMISSING CASE WITH PREJUDICE**

Before the Court is a Motion to Dismiss filed on May 5, 2016, by Defendant Weiss Spicer Cash, PLLC ("WSC"), pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 38). On January 8, 2016, the matter was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Fed. R. Civ. P. 1. (ECF No. 24).[1] On June 7, 2016, the Magistrate Judge issued a report and recommendation to which Plaintiff, proceeding *pro se*, filed

---

[1] On March 18, 2016, the Magistrate Judge issued a report that recommended that the District Court grant the other Defendants, Nationstar Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank USA, N.A.'s ("HSBC") Motion to Dismiss that was filed on October 19, 2015. (ECF No. 5 and ECF No. 34). Plaintiff did not file objections and the Court entered an Order Adopting the Report and Recommendation and Dismissing the Claims against those Defendants with prejudice on April 18, 2016. (ECF No. 36).

1

objections on June 21, 2016. (ECF No. 39 and ECF No. 40). Upon a *de novo* review, the Court finds the Magistrate Judge's report and recommendation should be adopted and the case dismissed with prejudice.

## I.     **LEGAL STANDARD**

A United States District Court Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

The District Judge must determine *de novo* any part of the Magistrate Judge's recommendation that has been properly objected to. *Baker v. Peterson*, 67 Fed. App'x. 308, 310 (6th Cir. 2003). The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the District Court's attention on the dispositive and contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985)) (Objections are to address specific concerns which promote considerations of judicial economy). Without a specific objection, it is difficult for the Court to construe how the Magistrate Judge's report and recommendation misrepresented the facts of the case or what cause or issue the Plaintiff finds objectionable. The failure to identify specific concerns with a Magistrate Judge's report and recommendation allows the party's objection to be deemed a general objection or a failure to object entirely. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (citing *Howard,* 932 F.2d at 509).

## II.  FINDINGS OF FACT

The Magistrate Judge's report and recommendation offers proposed findings of fact. (ECF No. 39, pp. 1-2). Plaintiff's objections do not challenge the facts as described in the report and recommendation. Accordingly, the Court fully adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## III.  ANALYSIS

By quoting language in the complaint, the Magistrate Judge indicated that Plaintiff advances a wrongful foreclosure claim against WSC by asserting that the Defendants had no legal or equitable rights in the promissory note or deed of trust. (ECF No. 39 and ECF No. 1-1). The Magistrate Judge noted that Plaintiff "appears to allege that the assignments of the promissory note and deed of trust at issue were improper or illegal." (ECF No. 39, p. 5). Thereafter, the Magistrate Judge reviewed the complaint and supporting foreclosure documentation for any statutory or contractual deficiencies that would enable Plaintiff's claims to survive WSC's motion to dismiss. The Magistrate Judge recommended that the Court grant WSC's motion to dismiss because: 1) Morris, as a non-party to the assignments of the note and the deed of trust, lacks standing to challenge the assignments; and 2) Morris did not allege any requisite statutory or contractual deficiencies in the underlying foreclosure proceeding to maintain a wrongful foreclosure action. (*Id.*).

In response, Plaintiff offers the following objections: 1) that the Defendant lacked standing to "foreclosure the Plaintiff as it was not a party to the mortgage contract attached to the Complaint;" 2) the Defendant has not provided documentation of its relationship to the original lender; 3) the Defendant is not the owner or holder of the mortgage and note and therefore, cannot pursue a foreclosure action; 4) WSC is not the real party in interest or entitled to enforce

the claim; 5) a separate entity may not maintain suit on a note payable to another entity; and again, 6) the Defendant is not the holder or owner of the note. (ECF No. 40).

The complaint alleges that WSC, as agents of the HSBC Bank, improperly pursued the foreclosure proceedings. (ECF No. 1-1, ¶ 26 (C) and (D)). Plaintiff also asserts that WSC is a non-party to the instant case and was never a party to the mortgage contract. (ECF No. 1-1, ¶ 4 and ECF No. 40 ¶ 1). The Court agrees with the Magistrate Judge's conclusion that the Plaintiff Morris, a non-party to the assignments does not have standing to challenge the assignments of the note and deed of trust, and therefore has no standing to assert a claim regarding WSC's role in the subsequent foreclosure proceedings. *See Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010); *Ringold v. Bank of America Home Loans*, No. 2:12-cv-02344-JPM-dkv, 2013 WL 1450929 at *6 (W.D. Tenn. Apr. 9, 2013); and *Brown v. Fed. Nat'l Mortg. Ass'n*, No. 2:13-cv-2107-JTF-cgc, 2013 WL 4500569, at *3 (W.D. Tenn. Aug. 19, 2013).

Moreover, the issue of standing does not pertain to a law firm or attorneys engaged in the pursuit of non-judicial foreclosures on behalf of a lender-client. Instead, the firm, on behalf of its client, is enforcing a security interest in the property through foreclosure. *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003). The Court adopts the following applicable language from a comparable Michigan federal district court case:

> a law firm for the foreclosing party owes no duty to the mortgagor in these circumstances. Therefore, even assuming that the law firm defendants began foreclosure by advertisement when the mortgage was not in default, plaintiff states no claim against the law firm defendants. *See Lyons v. Trott & Trott*, 2012 WL 5301039, at *5 ("Because Trott is not the mortgage holder, the mortgage servicer and is not a 'foreclosing party' as defined under Michigan law, and because Trott was acting at all times as BANA's attorney and representative in the foreclosure and loan modification process, Plaintiff has pleaded no colorable claim against Trott under Michigan law.").

4

*See Morton v. Bank of America, N.A.*, No. 1:12-CV-511, 2013 WL 3716841, at *8 (W.D. Mich. July 12, 2013); *see also Lyons v. Trott & Trott*, 905 F.Supp.2d 768, 772 (E.D. Mich. 2012). Therefore, Plaintiff's objections are overruled.

Additionally, the Court adopts the Magistrate Judge's conclusion that Morris has failed to allege any irregularities in the foreclosure process itself to sustain an action against WSC. The record, including attachments to Plaintiff's complaint, sufficiently demonstrates that Plaintiff received notice of the default in this case. There was no need for further documentation or proof of the firm's relationship with the lender. (Letters from WSC dated August 19, 2015, and August 26, 2015, ECF No. 1-1, pp. 29, 33-34). *CitiMortgage Inc. v. Drake*, 410 S.W3d 797, 809 (Tenn. Ct. App. 2013).

Plaintiff's reliance on Tn. R. Evid. 201, 202(a) and (b) and Title 18 U.S.C. § 4 (Misprision of a felony), wherein he argues that WSC's "inability to attach the documentation evidencing the Defendant [sic] right to foreclosure this action", is misplaced. [2] (ECF No. 40, ¶ 3). Therefore, this objection is also overruled.

Any remaining objections are clearly general in nature, ambiguous or lack sufficient specificity for this Court to render an analysis. As such, the Court disregards these general objections. *See Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014); *McCready* 113 Fed. App'x at 49, citing *Howard,* 932 F.2d at 509.

The Court will also note that Plaintiff's rights and obligations as the borrower on the note did not change even though an assignment of the note and deed of trust occurred. *Yuille v. Amer.*

---

[2] Title 18 U.S.C. § 4 provides:
> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

5

*Home Mortg. Servs. Inc.* v No. 10-2564, 2012 WL 1914056, *2 (6th Cir. May 29, 2012); and *Livonia Properties Holdings, LLC,* 2010 WL 4275305, at *102. As noted above, Plaintiff has not alleged any improprieties in the foreclosure proceeding that would overcome WSC's Rule 12(b)(6) motion to dismiss.

## CONCLUSION

After conducting a *de novo* review of the record, the Magistrate Judge's report and recommendation and Plaintiff's objections thereto, the Court adopts the report and recommendation in its entirety and finds that Defendant Weiss Spicer Cash, PLLC's Motion to Dismiss, ECF No. 38, should be GRANTED. Accordingly, the case is ordered DISMISSED with prejudice.

**IT IS SO ORDERED** on this 30th day of June, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE